

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 17, 1994

Mr. Kenneth H. Ashworth
Commissioner
Texas Higher Education
  Coordinating Board
P.O. Box 12788
Austin, Texas 78711

Opinion No. DM-297

Re:  Whether the Wharton County Junior
College District may disannex the Needville
Independent School District   (RQ-545)

Dear Mr. Ashworth:

You have asked us to interpret the law of disannexation under chapter 130 of the Texas Education Code. We understand that you ask this question at the behest of the Needville Independent School District ("NISD"), which apparently desires to dissolve its participation in the Wharton County Junior College District. Specifically, you ask the following questions:

> 1)  Are there steps the [NISD] can follow to dissolve the district's participation in the Wharton County Junior College District. If so, what are they?
>
> 2)  If [NISD] can remove itself from the junior college district, does [NISD] have to establish or join another junior college district?

Article VII, section 1 of the Texas Constitution requires the legislature "to establish and make suitable provision for the support and maintenance of an efficient system of public free schools." Attorney General Opinion M-1235 (1972) at 4. Based on article VII, section 1 and case law thereunder, this office previously has determined that, unless another constitutional provision provides to the contrary, the legislature has the sole discretion to determine the method of annexation or disannexation of the territory comprising junior college districts. *Id.* at 5. In addition, article VII, section 3-b of the Texas Constitution "recognizes that the Legislature may authorize changes in the boundaries of junior college districts so long as outstanding bonds are not abrogated, cancelled or invalidated." *Id.*

Thus, a junior college district may disannex territory only if the legislature statutorily authorizes it to do so and only in the manner that the legislature has provided. You cite two sections of the Education Code in which the legislature expressly has provided for the disannexation of territory comprising a junior college district: sections 130.069 and 130.070. Section 130.069(a), which the legislature enacted in 1963 (*see* Acts 1963, 58th Leg., ch. 465, at 1180), authorizes a junior college district to disannex any territory lying within its borders that also lies within the borders of another junior college district. You indicate that this situation does not exist here.

Section 130.070(a) authorizes a countywide independent school district junior college district[1] to disannex the territory of an independent school district in an adjoining county if the independent school district was the only school district annexed to the junior college district and if the junior college district has no outstanding bonded indebtedness that it incurred after annexing the independent school district. Furthermore, section 130.070(a) rarely mentions disannexation without also mentioning "creation of a separate junior college district." In our opinion, therefore, section 130.070(a) requires the disannexed independent school district to create a separate independent school district junior college district.[2] In summary, an independent school district may dissolve its

---

[1]Section 130.004(a) of the Education Code authorizes several types of public junior colleges:

(1) an independent school district junior college;

(2) a city junior college;

(3) a union junior college;

(4) a county junior college;

(5) a joint-county junior college; and

(6) a public junior college as a part or division of a regional college district.

Chapter 130 of the Education Code provides specifically for the establishment of each authorized type of public junior college. *See* Educ. Code ch. 130, subch. B (providing for establishment of independent school district or city junior college); *id.* subch. C (providing for establishment of union, county, or joint-county junior colleges). (In 1985 the legislature repealed subchapter F of the Education Code, which pertained to the establishment of regional college districts. *See* Acts 1985, 69th Leg., ch. 302, § 3.) By "countywide independent school district junior college district," we understand section 130.070(a) of the Education Code to indicate a junior college district that is authorized by section 130.004(a)(1) and established under chapter 130, subchapter B and that is bounded, as is the independent school district, by the county lines.

[2]The legislature enacted section 130.070 in 1972. *See* Acts 1972, 62d Leg., 4th C.S., ch. 16, § 1, at 37. Notably, prior to the enactment of section 130.070, this office issued Attorney General Opinion M-1073 (1972), in which we considered, among other things, whether the Odessa Junior College District might disannex the Midland Independent School District, thereby creating the Midland Independent School District as a separate junior college district. Attorney General Opinion M-1073 (1972) at 1. By that time, of course, the legislature had enacted section 130.069 of the Education Code, but it had not yet enacted section 130.070. This office determined that no existing statutes authorized the Odessa Junior College District to disannex the Midland Independent School District. *Id.* at 2. The opinion further stated that, as existing laws did not authorize such a disannexation,

the only recourse would be legislative action. Any law authorizing such disannexation would have to be a general law, under Article III, Section 56 of the Texas Constitution.

Similarly, territory disannexed under a valid law could be formed into a new district, but that must be done under available general law and not by special statute.

*Id.*

participation in a junior college district pursuant to section 130.070(a) if the attendant circumstances satisfy the following prerequisites:

(1) The junior college district annexed the independent school district. *See* Educ. Code §§ 130.064 - 130.068 (providing for annexation of territory to junior college district).

(2) The independent school district is the only school district that the junior college district has annexed.

(3) The independent school district is in a county that adjoins the junior college district.

(4) The junior college district is an independent school district junior college district, established pursuant to chapter 130, subchapter B of the Education Code.

(5) The junior college district is countywide.

(6) The junior college district has paid off any bonded indebtedness it incurred since the junior college district annexed the independent school district.

(7) The independent school district will create a separate junior college district.

---

(footnote continued)

Senate Bill 19, which, when enacted, added section 130.070 to the Education Code, was introduced at the fourth called session of the 62d Legislature. This office considered, in Attorney General Opinion M-1235 (1972), the applicability of Senate Bill 19 and its companion bill, House Bill 33. That opinion quoted the following background facts from the requestor's letter to this office:

In their application, [Senate Bill 19 and House Bill 33], these bills will apply only to the Odessa Junior College District. A part of that district comprising the Midland Independent School District wants a legal basis to disannex itself from the Odessa Junior College District.

Attorney General Opinion M-1235 (1972) at 1. In answer to the requestor's inquiries regarding the applicability of the bills, the opinion concluded that "the bills in question apply to any independent school district which is the only school district that has been annexed to a county-wide independent school district junior college district in an adjoining county." *Id.* at 6. The opinion further advised that "the provisions of these bills will apply to deannexation procedure of territories of an independent school district which is the only school district that has been annexed to a countywide independent school district junior college district in an adjoining county, whether such territory has been annexed prior to or subsequent to the enactment of these bills." *Id.*

If all of these criteria are met, section 130.070(b) - (f) provides a procedure by which "[t]he proposed disannexation and creation of a separate junior college district" must occur.[3]

We note that Needville lies in Fort Bend County, a county adjoining Wharton County. However, we have not been advised whether the circumstances satisfy the prerequisites to the application of section 130.070(a) of the Education Code. *See supra* at 3 (listing prerequisites for the application of section 130.070(a)). Accordingly, we cannot determine whether section 130.070(a) authorizes the Wharton County Junior College District to disannex NISD. If NISD is, in fact, "the only school district that has been annexed to a countywide independent school district junior college district in an adjoining county," and if "the countywide independent school district junior college district has no outstanding bonded indebtedness which was incurred after the annexation of" NISD, then section 130.070 authorizes the disannexation, and NISD must comply with the procedures for disannexation and creation of a separate junior college district that section 130.070 articulates. *See supra* note 3 (describing procedure).

---

[3]Section 130.070(b) requires a petition signed by at least five percent of the qualified taxpaying electors of the independent school district seeking disannexation to initiate the proposed disannexation and creation of a separate junior college district. The petition must be presented to the board of trustees (the "board") of the independent school district seeking to be disannexed. Educ. Code § 130.070(b). If the board approves the petition, it must forward the petition to the Coordinating Board, Texas College and University System (the "coordinating board"). *Id.*

The coordinating board must approve the petition if the coordinating board finds the petition to be in order and if all statutory provisions have been complied with. *Id.* § 130.070(c). After the coordinating board has notified the board of the coordinating board's approval, the board must order an election not less than 20 days nor more than 30 days after the order is issued. *Id.* Election ballots to provide for voting for or against the proposition must provide as follows: "Disannexation of the _____ Independent School from the _____ Junior College District, and creation of the _____ Junior College District with boundaries coterminous with the boundaries of the _____ Independent School District." *Id.*

Within 10 days after holding the election, the board must canvass the returns and declare a result. *Id.* § 130.070(d). "If a majority of the votes cast are in favor of disannexation and creation of a separate junior college district, such independent school district shall be deemed disannexed and constituted as a separate junior college district." *Id.* Chapter 130, subchapter B of the Education Code, pertaining to the establishment of an independent school district junior college district (*see supra* note 1), provides the procedure the independent school district must use to create the separate junior college district. *Id.* § 130.070(e).

Any officer representing the disannexed independent school district on the governing body of the countywide independent school district junior college district is terminated, although the remaining members of the governing body continue to serve for the terms for which they were elected. *Id.* Finally, any petition for disannexation and creation of a separate junior college district may include a request for an election to decide whether the separate junior college district may issue bonds, levy bond taxes, and levy maintenance taxes in the event the junior college district is created. *Id.* § 130.070(f).

In addition to sections 130.069 and 130.070 of the Education Code, article 2815p, V.T.C.S., continues to authorize the board of trustees of a joint-county junior college district (*see* Educ. Code § 130.004(a)(5); *see also id.* ch. 130, subch. C (providing for establishment of joint-county junior college)) to disannex any territory located more than 55 miles from the location of the junior college, if a majority of the property owners in the territory desiring disannexation have petitioned the joint-county junior college district to be disannexed and if the board of the junior college district consents to the disannexation. Needville is located less than 55 miles from the location of the Wharton County Junior College. Consequently, article 2815p, V.T.C.S., does not apply in this situation.

## S U M M A R Y

Three statutory provisions authorize the disannexation of territory from a junior college district: sections 130.069 and 130.070 of the Education Code, and article 2815p, V.T.C.S. Neither section 130.069 of the Education Code nor article 2815p, V.T.C.S., authorizes Wharton County Junior College District to disannex Needville Independent School District. We are not presented with sufficient facts to determine whether section 130.070 of the Education Code authorizes the disannexation. If section 130.070 of the Education Code is indeed applicable to the situation, that statute governs the procedure for the disannexation.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW DURHAM
Deputy Attorney General for Criminal Justice

WILL PRYOR
Special Counsel

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General